IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAYLIN TOLES, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 1:18-CV-963-WHA ) |
| WALLY OLSON, et al., | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jaylin Toles, Sr., an indigent inmate, initiated this 42 U.S.C. § 1983 action on November 14, 2018 while confined in the Dale County Jail. In this complaint, Toles challenges the constitutionality of actions which occurred on November 5, 2018 during his confinement in the jail. Doc. 1 at 2–3. Upon initiation of this case, the court entered an order or procedure requiring the defendants to file a response to the complaint. Doc. 4. This order also instructed Toles that he must immediately inform the court and defendants of any new address. Doc. 4 at 4, ¶8. Toles was specifically cautioned that "[f]ailure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." Doc. 4 at 4, ¶8. The docket indicates that Toles received a copy of the order.

In a separate case filed by Toles with this court, *Toles v. Olson, et al.*, Civil Action No. 1:18-CV-889-WKW-WC (M.D. Ala.), the court issued an order on November 30, 2018 (Doc. 10), a copy of which the Clerk mailed to Toles. The postal service returned this

document because Toles no longer resides at the Dale County Jail – the last address he had provided for service.  It is clear from the foregoing that Toles has failed to comply with the requirement that he keep the court informed of his current address and, as such, the instant case cannot properly proceed in this court if his whereabouts remain unknown.

Based on the foregoing, the court entered an order noting Toles' failure to furnish the court with his current address and requiring "that on or before December 17, 2018 Plaintiff shall show cause why this case should not be dismissed for his failure to comply with the orders of this court and his failure to adequately prosecute this action." Doc. 8 at 1.  The court "specifically cautioned Plaintiff that if he fails to respond to this order the Magistrate Judge will recommend that this case be dismissed." Doc. 8 at 1–2.  As of the present date, Toles has failed to provide the court with his current address pursuant to the directives of the orders entered in this case.  The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007).  After such review, the court finds that dismissal of this case is the proper course of action.  Initially, the court notes that Toles is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual.  Moreover, Toles has failed to comply with the directives of the orders entered by this court regarding provision of a current address.  It likewise appears that Toles is simply no longer interested in the prosecution of this case and any additional

effort to secure his compliance would be unavailing and a waste of this court's scarce resources. Finally, this case cannot properly proceed when Toles fails to advise the court of his whereabouts.

Accordingly, the court concludes that Toles' failure to comply with the orders of this court warrant dismissal of this case. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). "The district court possesses the inherent power to police its docket." *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **January 2, 2019** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Mgistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 18th day of December, 2018.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE